UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MONICA MARKS** | **CIVIL DOCKET NO. 6:23-cv-01142** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DG LOUISIANA, LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 20] filed by Defendant DG Louisiana, LLC (the "Defendant" or "Dollar General"). Plaintiff Monica Marks filed an Opposition [Doc. 22] on May 8, 2024, to which Defendant filed a Reply [Doc. 23]. For the reasons that follow, Dollar General's Motion is GRANTED.

### BACKGROUND

This lawsuit arises out of an alleged slip and fall that occurred on a rainy day in late July of 2022 at the Dollar General store located at 169 Oak Tree Park Drive, Sunset, Louisiana. [Doc. 1-2]. Plaintiff alleges she fell "on water near the rug and front door" of the store and as a result, suffered injuries. [*Id.*]. On July 21, 2023, Plaintiff filed suit in the 27th Judicial District Court for St. Landry Parish, asserting negligence claims. [*Id.*]. On August 22, 2023, Defendant removed the action to this Court based on diversity jurisdiction. [Doc. 1].

On April 17, 2024, Defendant filed the instant Motion, asserting Plaintiff cannot meet her evidentiary burden under the Louisiana Merchant Liability Act, La. R.S. 9:2800.6. Specifically, Defendant contends that Plaintiff is unable to establish

Page **1** of **9**

that Dollar General either: (i) created the alleged hazardous condition or (ii) had actual or constructive notice of the hazardous condition and subsequently failed to exercise reasonable care. [Doc. 22]. In response, Plaintiff avers that Defendant's employees knew it was raining on the day of the incident but failed to take appropriate measures to minimize risk. Plaintiff further contends that the busy nature of the store that day and close proximity of the cashier station to the front entrance are cumulatively "enough to put [Defendant] on constructive notice of the dangerous condition of the store and create a genuine issue of material fact for the tryer of fact to determine." [Doc. 22, p. 7]. Plaintiff also posits several other genuine disputes of material fact, such as the duration of the rain that day and whether Plaintiff's clothing was wet after her fall.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the

burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

## II. Louisiana Merchant's Liability Act

In diversity cases such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). A standard negligence claim under Louisiana law consists of five elements: (1) a duty of care, (2) a breach of that duty, (3) cause-in-fact, (4) legal cause, and (5) damages. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 216 (5th Cir. 2024) (citing *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So. 2d 627, 633). For slip and fall cases, however, the Louisiana

Merchant Liability Act, La. R.S. 9:2800.6, (the "LMLA") provides additional elements that a slip and fall Plaintiff must prove.

Specifically, the LMLA provides:

A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

   (1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

   (2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

   (3)  The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6. Thus, in this case, the statute requires Plaintiff to prove: (i) the alleged wet surface presented an unreasonable risk of harm that was reasonably foreseeable; (ii) Defendant either created or had actual or constructive notice of the alleged dangerous condition; and (iii) Defendant failed to exercise reasonable care. Here, Defendant argues that Plaintiff is unable to meet her burden of proof as to the actual or constructive notice prong of the LMLA. Importantly, the burden of proof in LMLA claims never shifts to a defendant, and if a plaintiff fails to prove any one of

those three LMLA elements, the merchant is not liable. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). The LMLA's exacting notice requirement "places a heavy burden of proof on plaintiffs." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)); *see also White*, 699 So. 2d at 1086 ("[D]efendant [merchant] need not come forward with positive evidence of the absence of the spill ... Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence cannot support the claimant's cause of action."). Additionally, it is insufficient for a plaintiff to rely on "[m]ere speculation or suggestion." *Bagley*, 492 F.3d at 330 (quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898–99 (La. App. 2 Cir. 2003)).

### a. The "Temporal Element"

Essentially, the parties' arguments center on whether Plaintiff can prove Dollar General had constructive notice of the allegedly hazardous condition. The LMLA defines constructive notice as "the claimant has proven that the condition existed for such a period of time that it would have been discoverable if the merchant had exercised reasonable care."[1] La. R.S. 9:2800.6(C)(1). Louisiana courts have deemed this the "temporal element." *Fountain v. Wal-Mart Stores, Inc.*, 19-699, p. 7 (La. App. 3 Cir. 3/18/20), 297 So. 3d 100, 106. The Louisiana Supreme Court has explained that,

---

[1] The statute further provides, "[t]he presence of an employee of the merchant in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. 9:2800.6(C)(1).

> [t]hough there is no bright line time period, a claimant must show that the condition existed for such a period of time ... Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084–85 (internal citations omitted).

Here, the only evidence Plaintiff provides regarding constructive notice of the allegedly dangerous condition is deposition testimony that: (i) it was raining the day of the accident; (ii) that Defendant's employee was stationed at the cash register, which was two feet away from the accident location; (iii) that the store was busy that day; and (iv) that the store employee had not yet employed its typical rainy day procedures.[2] Even so, Louisiana courts have routinely granted motions for summary judgment based on a plaintiff's failure to meet her burden of proof as to the temporal element of constructive notice.[3]

---

[2] Plaintiff asserts that there are at least three genuine issues of material fact: (1) the duration of rainfall on the date of the accident, (2) whether Plaintiff's clothing was wet, and (3) whether the rug at the entrance of the Dollar General was wet. The Court does not find these relevant to the central issue of whether Defendant had constructive notice of the allegedly hazardous condition.

[3] Plaintiff cites to *Bassett v. Toys "R" Us Delaware, Inc.*, 36,434 (La. App. 2 Cir. 12/30/02), 836 So. 2d 465 writ denied, 03-0560 (La. 4/25/03), 842 So. 2d 408, claiming the court in that case "concluded that the temporal element had been satisfied by the fact that it had been raining most of the day, and a trier of fact could conclude that the hazardous condition should have been discovered by the store employees." However, that case is distinguishable from the one at bar. Unlike this case, in *Bassett*, an employee testified that she knew prior to the plaintiff's fall that the accident area would be hazardous and that she

In *Kennedy v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court found that showing it was raining the evening plaintiff fell and that the accident area was in clear view of store staff was not sufficient to meet the temporal element of La. R.S. 9:2800.6. *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939, p. 4 (La. 4/13/99), 733 So. 2d 1188, 1191 (explaining that plaintiff "presented absolutely no evidence as to the length of time the puddle was on the floor before his accident").[4] Similarly, in *Fountain v. Wal-Mart Stores, Inc.*, the Louisiana Third Circuit Court of Appeal found that "any evidence that it was raining, that an area in which a fall occurred was visible to store personnel, and/or that [Defendant] should have foreseen the hazard created by rain puddles at or near the entrance of this high volume store because it knew it was raining, [was] insufficient to support a finding that it had constructive notice." *Fountain v. Wal-Mart Stores, Inc.*, 2019-669 (La. App. 3 Cir. 3/18/20), 297 So.

---

saw a puddle of water. *Bassett v. Toys "R" Us Delaware, Inc.*, 36,434 (La. App. 2 Cir. 12/30/02), 836 So. 2d 465, 469-70, writ denied, 03-0560 (La. 4/25/03), 842 So. 2d 408.

[4] In so holding, the Louisiana Supreme Court reversed the lower court, which had found,

> In the case at bar this plaintiff has proved constructive, if not actual, notice on the part of the defendant. When Mr. Kennedy got up from the floor his clothing was wet thus indicating more than a small spot of dampness. It was also raining that day. Since the customer service manager and the cashier were within a few feet of where Mr. Kennedy fell and it was raining that day, they knew or should have known that wet footed customers were likely to create a hazard. They certainly were in a better position to know than Mr. Kennedy, and they clearly had a good close-up look at the area where he fell before he arrived there ...

*Id.* at 1190, n.1.

This reasoning, which the Louisiana Supreme Court found insufficient to prove constructive notice, is indistinguishable from the evidence and reasoning posited by Plaintiff.

3d 100, 109 (citing *Kennedy*, 733 So. 2d 1188; *Alexander v. Wal-Mart Stores, Inc.*, 96-1598 (La. App. 3 Cir. 2/4/98), 707 So. 2d 1292, writ denied, 98-572 (La. 4/24/98), 717 So. 2d 1169 (employee "greeter" standing in entryway in rainy weather and intermittently dry-mopping are insufficient to infer actual or, absent time evidence, constructive notice of dangerous condition).

Further, failure to follow rainy weather store protocols neither establishes the existence of a particular hazard nor that the hazard existed for some amount of time. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 217 (5th Cir. 2024) (citing *Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226, 2002 WL 1939917, at *7–8 (5th Cir. 2002) (citing *Kennedy*, 733 So. 2d at 1189 n.1, 1190–91)). Rather, neglect of store policy would apply to the issue of whether Dollar General exercised reasonable care. *Miller*, 98 F.4th at 217-18 (citing *Fountain*, 297 So. 3d at 108).

In accordance with the jurisprudence, Plaintiff's offered evidence fails to meet the burden of proof required to establish Dollar General's actual or constructive notice of the allegedly hazardous condition. Because Plaintiff cannot prove an essential element of her claim under La. R.S. 9:2800.6, Defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 20] is GRANTED.

IT IS FURTHER ORDERED that all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 17th day of May 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE